09-1059-ag
Yang v. Holder

BIA
A072 484 965

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand nine.

PRESENT:

PIERRE N. LEVAL,
JOSÉ A. CABRANES,
ROBERT A. KATZMANN,
     <u>Circuit Judges</u>.

_____

CHAO YANG,
    <u>Petitioner</u>,

      v.               09-1059-ag
                           NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
    <u>Respondent</u>.

_____

FOR PETITIONER:     Daniel B. Lundy, Barst & Mukamal LLP, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Chao Yang, a native and citizen of the People's Republic of China, seeks review of a February 12, 2009 order of the BIA denying his third motion to reopen his exclusion proceedings. *In re Chao Yang*, No. A 072 484 965 (B.I.A. Feb. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We find that the BIA did not err in denying Yang's untimely and number-barred motion. An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the deadline may be equitably tolled to accommodate claims of ineffective assistance of

2

counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

The BIA properly found that because Yang did not demonstrate due diligence in filing his second motion to reopen, he could not satisfy the prerequisite for equitable tolling in the instant motion, filed 10 years after the decision he sought to reopen was issued. We find the BIA did not abuse its discretion in rejecting Yang's ineffective assistance of counsel claim, because even if Yang demonstrated that he exercised due diligence in filling the current motion, he would still have failed to demonstrate that he exercised due diligence during the entire ten year period he wishes to toll. *See Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 134 (2d Cir. 2000) (noting that "[t]his Court has held that equitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled.") (internal quotation and alteration omitted).

Yang argues that the BIA abused its discretion by declining to *sua sponte* reopen his proceedings or reissue its decision. However, this Court lacks jurisdiction to review those arguments because such decisions are "entirely

3

discretionary." *See Ali*, 448 F.3d at 518. Similarly, this Court lacks jurisdiction to review Yang's challenge to the agency's underlying adverse credibility determination, as we must confine our review to the denial of Yang's third motion to reopen and are precluded from reviewing any challenge to the agency's denial of his underlying claim for relief or first motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

    For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4